[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 21, 2009
THOMAS K. KAHN
CLERK

No. 08-13608
Non-Argument Calendar

_____

Agency No. A98-863-000

YIXIN YAN,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(January 21, 2009)**

Before BIRCH, DUBINA and HULL, Circuit Judges.

PER CURIAM:

Appellant Yixin Yan, a native and citizen of China, seeks review of the

Board of Immigration Appeals' ("BIA") order adopting the Immigration Judge's ("IJ") denial of asylum relief. She alleges that, if she returns to China, she will be persecuted because she practices Falun Gong. The IJ expressly found that Yan's testimony was incredible, and Yan challenges this finding on appeal. In general, she argues that the IJ's adverse credibility finding was groundless and a result of his misunderstanding of the evidence.

The IJ also found that Yan's daughter - who testified on her behalf - was not credible, and that, even if Yan's testimony was accepted as true, it did not establish persecution. Because we conclude that substantial evidence supports the IJ's finding that Yan was not credible, and that this finding was dispositive, we decline to address the propriety of the IJ's other findings.

Because the BIA expressly adopted the IJ's decision, we review the IJ's decision. *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001). Factual findings, including credibility determinations, are reviewed under the substantial evidence test. *D-Muhumed v. U.S. Att'y Gen.*, 388 F.3d 814, 817-18 (11th Cir. 2004). "[W]e cannot engage in fact-finding on appeal, nor may we weigh evidence that was not previously considered below." *Al Najjar*, 257 at 1278. Therefore, a finding of fact will be reversed "only when the record compels reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." *Adefemi v. Ashcroft*, 386 F.3d 1022, 1027

2

(11th Cir. 2004) (*en banc*); *see also* INA § 242(b)(4)(B), 8 U.S.C. § 1252(b)(4)(B).

"The trier of fact must determine credibility, and [we] may not substitute [our] judgment for that of the [IJ] with respect to credibility findings." *D-Muhumed*, 388 F.3d at 818. "Once an adverse credibility finding is made, the burden is on the applicant alien to show that the IJ's credibility decision was not supported by 'specific, cogent reasons' or was not based on substantial evidence." *Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1287 (11th Cir. 2005). "[T]he IJ's extremely detailed adverse credibility determination alone may be sufficient to support the IJ's denial of" an aslyum application. *D-Muhumed*, 388 F.3d at 819. However, "an adverse credibility determination does not alleviate the IJ's duty to consider other evidence produced by the asylum applicant." *Forgue*, 401 F.3d at 1287. The "IJ must still consider *all* evidence introduced by the applicant." *Id.* (emphasis in original).

"Indications of reliable testimony include consistency on direct examination, consistency with the written application, and the absence of embellishments." *Ruiz v. U.S. Att'y Gen.*, 440 F.3d 1247, 1255 (11th Cir. 2006). The INA, as amended by the REAL ID Act of 2005, directs the IJ to base credibility determinations on the totality of the circumstances, which may include "the demeanor, candor, or responsiveness of the applicant or witness, the inherent plausibility of the applicant's or witness's account, the consistency between the

applicant's or witness's written and oral statements . . . , [and] the internal consistency of each such statement."  INA § 208(b)(1)(B)(iii), 8 U.S.C. § 1158(b)(1)(B)(iii).

The record here demonstrates that substantial evidence supports the IJ's finding that Yan was not credible.  The testimony she gave at the administrative hearing did not match the account she gave with her application or to the asylum officer.  Also, she looked to her attorney before answering simple questions, so her demeanor was not that of a credible witness.  Therefore, the IJ had specific, cogent reasons - which are supported by the record - to find that Yan was not credible. The IJ's decision reveals that he considered the record as a whole, so there was a sufficient basis to deny Yan's application for asylum.  Accordingly, we deny Yan's petition for review.

**PETITION  DENIED.**